BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
Attorneys for Plaintiff
46 Trinity Place
New York, New York 10006
212-297-0050
Todd P. Kenyon (TK 7654)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

WESTERN BULK CARRIERS KS

           Plaintiff,

   -against-

A.P. OXIDOS INDUSTRIA
E COMERCIO LTDA

           Defendant.

------------------------------------------------------X

08 Civ. 00984

**SECOND AMENDED VERIFIED COMPLAINT**

      Plaintiff, Western Bulk Carriers KS ("Western Bulk"), by and through its attorneys, Betancourt, Van Hemmen, Greco & Kenyon LLC, for its Second Amended Verified Complaint against Defendant, alleges upon information and belief as follows:

      1.    Plaintiff Western Bulk is a foreign corporation with an place of business at Oslo, Norway.

      2.    Upon information and belief, Defendant A.P. Oxidos Industria e Comercio LTDA ("A.P. Oxidos") is a foreign corporation with a place of business at Belo Horizonte, Brazil.

      3.    This Second Amended Verified Complaint alleges an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has admiralty jurisdiction over such claim pursuant to 28 U.S.C. § 1333.

4.  This action is further brought pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and section 8 of the Federal Arbitration Act, 9 U.S.C. § 8.

## BREACH OF CHARTER PARTY CLAIM

5.  Western Bulk repeats and realleges paragraphs 1 through 4 above as if full set forth herein.

6.  At all relevant times, Western Bulk was the disponent owner of the ocean-going vessel MV FONARUN NAREE (or "Vessel").

7.  Pursuant to a Voyage Charter Party dated December 14, 2007, Western Bulk chartered the FONARUN NAREE to A.P. Oxidos as charterer for a voyage from Santos, Brazil to Nantong, China to carry a cargo of iron ore.

8.  A.P. Oxidos was obligated under the Charter to pay freight at the rate of $113.25 per metric ton, with the amount to be carried to be 20,000 metric tons, 10% more or less at Owner's option, and to pay demurrage at the rate of $28,000 per day.

9.  Pursuant to the Charter, the Vessel duly loaded 20,798.397 metric tons at Santos, Brazil in late December and early January, 2008, and carried the cargo to Nantong, China, where it was discharged.

10.  Pursuant to the terms of the Charter, Western Bulk on February 22, 2008, issued its invoice to A.P. Oxidos for the net freight, deadfreight and demurrage due in the amount of $299,297.76, to be paid by March 7, 2008.

11.  Western Bulk has fulfilled its obligations for payment of the net amount due for performance under the Charter, and A.P. Oxidos has failed to pay, thus breaching its obligations under the Charter.

12. As a result of this breach, Western Bulk as suffered damages in the principal amount of $299,297.76, exclusive of interest, attorneys fees and arbitration costs.

13. The Charter provides for application of English Law and for arbitration in London.

14. On March 14, 2008, Western Bulk commenced arbitration in London on its breach of Charter claim against A.P. Oxidos, which arbitration is ongoing.

15. The prevailing party under English Law and in London arbitration is generally awarded interest, attorneys fees and arbitration costs.

16. Western Bulk expects to claim the following estimated amount in London arbitration: (a.) Principal amount: $299,297.76; (b.) three years interest at 6% per annum: $57,169; (c.) Attorneys' fees: $75,000; (e.) Arbitration costs: $25,000, for a total claim of $456,466.76.

17. A.P. Oxidos cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, but on information and belief, A.P. Oxidos has, or will have during the pendency of this action, property within the District, including funds or credits being held by, or being transferred through, one or more garnishee banks or financial institutions within the District.

WHEREFORE, Plaintiff prays:

A. That process in due form of law in accordance with Rule B of the Supplemental Rules for Admiralty and Maritime Claims and in the form of a Process of Maritime Attachment be issued and levied against all property of A.P. Oxidos within the District, including all funds being held by, or being transferred through, one or more garnishee banks or financial institutions within the District, up to the amount of $456,466.76; and

      B.      That process in due form of law issue against A.P. Oxidos, citing it to appear and answer under oath the matters alleged in this Verified Complaint, and that judgment in favor of Western Bulk be entered against A.P. Oxidos in the amount of $456,466.76 in case of default; and

      C.      That this Court pursuant to the Federal Arbitration Act, 9 U.S.C. §8, direct the parties to proceed with arbitration and then retain jurisdiction pending the outcome of London Arbitration so that any award may be recognized and confirmed as a Judgment of this Court and any such Judgment may be satisfied by the funds attached herein; and

      D.      That this Court grant Western Bulk such other, further and different relief as is deemed just and proper.

Dated: March 28, 2008

                                  BETANCOURT, VAN HEMMEN, GRECO & KENYON LLC
                                  Attorneys for Plaintiff

By _____
        Todd P. Kenyon (TK 7654)
        Attorneys for Plaintiff
        46 Trinity Place
        New York, New York 10006
        212-297-0050

# ATTORNEY VERIFICATION

STATE OF NEW JERSEY        )
                           :ss:
COUNTY OF MONMOUTH         )

   TODD P. KENYON, being duly sworn, deposes and says:

   I am a member of the firm Betancourt, Van Hemmen, Greco & Kenyon LLC, attorneys for Plaintiff herein. I have read the foregoing Verified Complaint, and know the contents thereof, and the same are true and correct to the best of my knowledge, information and belief. I have reviewed documentation concerning this matter provided by Plaintiff and have corresponded with them on the information provided. I am authorized by Plaintiff to make this verification. I am making this verification since there is no officer or director of Plaintiff within the District to execute this verification.

                      /s/ Todd P. Kenyon
                      Todd P. Kenyon

Sworn and subscribed before me on
March 28, 2008

/s/ Carol Haimowitz
Notary Public

Carol Haimowitz
Notary Public
My Commission Expires
May 3, 2011

5